THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| JONATHAN DICKSON, | ) | |
| Plaintiff, | ) | MEMORANDUM DECISION AND ORDER |
| vs. | ) | |
| TIM GLEASON, | ) | Case No. 2:12CV01187 DS |
| Defendant. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I. INTRODUCTION

This diversity jurisdiction matter arises out of an automobile/motorcycle accident that occurred on April 1, 2011 in Salt Lake City, Utah. Plaintiff Mr. Dickson was operating a motorcycle which came into contact with a motor vehicle driven by Defendant Mr. Gleason.

Mr. Dickson has moved for partial summary judgment (Doc. #25) seeking the Court's order that Defendant was negligent, and that Defendant's negligence proximately caused the accident. As an alternative position, Mr. Dickson requests that the Court give a jury instruction at trial that violation of Utah Code Ann. § 41-6a-804(1)(a), which relates to changing lanes, may be evidence of negligence.

## II. SUMMARY JUDGEMENT STANDARD

Under Fed. R. Civ. P. 56, summary judgment is proper only when the pleadings, affidavits, depositions or admissions establish there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. The burden

of establishing the nonexistence of a genuine issue of material fact is on the moving party.[1] *E.g., Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). This burden has two distinct components: an initial burden of production on the moving party, which burden when satisfied shifts to the nonmoving party, and an ultimate burden of persuasion, which always remains on the moving party. *See* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727 (2d ed. 1983).

The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. If the nonmoving party cannot muster sufficient evidence to make out a triable issue of fact on his claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law. *Celotex*, 477 U.S. 242.

### III.  DISCUSSION

**A.  Negligence and Proximate Cause**

Mr. Dickson contends that "[w]hen the Defendant changed lanes right in front of the Plaintiff without seeing the presence of the Plaintiff, he breached [a] duty [of care] and proximately caused a collision that caused injury." Mem. Supp. at 10. The evidence he cites, however, establishes only that there was a collision when Defendant changed lanes to the curb/parking lane, and that Defendant did not see Plaintiff until the collision.

After reviewing all the pleadings submitted, the Court must agree with Mr. Gleason that material issues of disputed fact preclude the granting of Mr. Dickson's Motion for Partial Summary Judgment. Specifically, "Mr. Gleason has presented material evidence

---

[1] Whether a fact is material is determined by looking to relevant substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242.

that the curb lane was blocked at the time of the events at issue and not suitable for travel. Mr. Gleason has also presented expert opinion that his conduct was reasonable and that it was actually Plaintiff who was negligent and proximately caused the accident." Mem. Opp'n at 3. *See id.* pp. 15-17. Questions of negligence and proximate causation are generally issues to be decided by the trier of fact.[2] *See Dwiggins v. Morgan Jewelers*, 811 P.2d 182, 183 (Utah 1991); *White v. Deseelhorst, et al.*, 879 P.2d 1371 (Utah 1994). Because those issues are disputed in this case, they must be left to the trier of fact, and summary judgment must be denied.

### B. Jury Instruction

As an alternative position, Mr. Dickson requests the Court to give a jury instruction at trial that violation of Utah Code Ann. § 41-6a-804(1)(a) may be evidence of negligence. Plaintiff's alternative position is rejected. The Court agrees with Mr. Gleason that "[a] summary judgment motion is not the proper venue by which to present and/or pursue a desired jury instruction." Mem. Opp'n at 19. *See Celotex Com.*, 477 U.S. at 323-24 (the purpose of a summary judgment motion is to "isolate and dispose of factually unsupported claims or defenses"). As Defendant notes, jury instruction requests should be made in accordance with Fed. R. Civ. P. 51 and DUCiv. R 51-1

---

[2] Federal courts sitting in diversity must apply the substantive laws of the forum state absent a constitutional or statutory directive to the contrary. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Vitkus v. Beatrice, Co.*, 127 F. 3d 936, 941 (10th Cir. 1997).

## IV.  CONCLUSION

For the forgoing reasons, as well as for those stated in Defendant's pleading, Plaintiff's Motion for Partial Summary Judgment (Doc. #25) is denied.

IT IS SO ORDERED.

DATED this 13th day of March, 2014.

BY THE COURT:

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT